J-S77035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICIA LEIGH STARK | : | |
| | : | No. 219 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 1, 2016
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004275-2006

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                  **FILED DECEMBER 18, 2017**

Appellant, Patricia Leigh Stark, appeals from the order dismissing her third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Appellant's court-appointed PCRA counsel, William J. Watt, III, Esquire, has filed a petition to withdraw as counsel, and an accompanying "no-merit" brief pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) ("**Turner/Finley**").  We grant counsel's petition to withdraw and affirm the PCRA court's order.

The relevant facts and procedural history are as follows: On December 22, 2006, Appellant entered a guilty plea to the charges of criminal homicide, criminal homicide of an unborn child, criminal attempt/criminal homicide, two

_____

*   Former Justice specially assigned to the Superior Court.

counts of aggravated assault, and robbery of a motor vehicle.[1]   On December 22, 2006, she was sentenced to an aggregate of life in prison without parole. Appellant filed neither post-sentence motions nor a direct appeal.

On March 22, 2007, Appellant filed a *pro se* PCRA petition.  On April 25, 2007, she filed a petition seeking the withdrawal of her previously court-appointed guilty plea counsel, as well as a petition for the appointment of new counsel to assist her with the PCRA proceedings.  By order entered on May 4, 2007, the PCRA court appointed new counsel to assist Appellant, and thereafter, PCRA counsel filed a petition indicating that Appellant desired to withdraw her PCRA petition.  Counsel attached thereto a statement, which was executed by Appellant, indicating that she no longer wished to pursue relief under the PCRA and her withdrawal was "made knowingly, voluntarily, and intelligently after consultation with counsel."   Appellant's Statement in Support of Withdrawal of PCRA Petition, dated 7/2/2007.  By order entered on August 28, 2007, the PCRA court granted Appellant leave to withdraw her PCRA petition.

On August 21, 2012, Appellant filed a second *pro se* PCRA petition, and by order entered on September 4, 2012, the PCRA court appointed counsel to assist Appellant.  On January 18, 2013, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing,

---

[1] 18 Pa.C.S.A. §§ 2603, 901, 2702(a)(1) and (4), and 3702, respectively.

and on February 19, 2013, the PCRA court denied Appellant's petition. Appellant did not file an appeal to this Court.

On March 23, 2016, Appellant filed a third *pro se* PCRA petition,[2] and on May 27, 2016, the PCRA court appointed counsel to represent Appellant. On December 1, 2016, the PCRA court held an evidentiary hearing, and by order entered on December 1, 2016, the PCRA court dismissed Appellant's PCRA petition.

This timely appeal followed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, counsel filed a statement, and the PCRA court filed an opinion indicating it dismissed Appellant's petition on the basis it was untimely filed. Subsequently, as indicated *supra*, Appellant's court-appointed PCRA counsel filed a petition to withdraw his representation, along with a **Turner/Finley** "no-merit" brief. Additionally, Appellant has filed a *pro se* brief with this Court in which she substantially reiterates the same issue presented in counsel's **Turner/Finley** brief. We shall consider Appellant's *pro se* brief along with counsel's **Turner/Finley** brief. **See Commonwealth v. Walters**, 135 A.3d 589 (Pa.Super. 2016) (indicating that, when conducting

---

[2] Appellant attached to her PCRA petition a notice of mailing from the prison dated March 23, 2016. Accordingly, although Appellant's third PCRA petition was docketed on March 29, 2016, we shall deem it to have been filed on March 23, 2016, when it was handed to prison authorities. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa.Super. 2006) (recognizing that under the "prisoner mailbox rule" a document is deemed filed when placed in the hands of prison authorities for mailing).

review under **Turner/Finley**, this Court shall consider the brief filed by counsel as well as any *pro se* brief filed by the appellant).

Preliminarily, we note that "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Before we proceed to review the merits of the issues presented in PCRA counsel's **Turner/Finley** "no-merit" brief, we must determine whether counsel has satisfied certain procedural requirements to withdraw his representation.

> Counsel petitioning to withdraw from PCRA representation...must review the case zealously. [PCRA] counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that...satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Walters**, 135 A.3d at 591 (quotations omitted).

Instantly, we determine that PCRA counsel has complied with the requirements of **Turner/Finley**. Specifically, PCRA counsel's brief and petition to withdraw detail the nature and extent of PCRA counsel's review, address the claims raised in Appellant's *pro se* PCRA petition and at the PCRA hearing, and determine that the issues lack merit, as well as the PCRA petition was untimely filed. PCRA counsel indicated that after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf to plead and prove that one of the PCRA timeliness exceptions applied. Counsel also attached proof that he sent Appellant his petition to withdraw, along with his **Turner/Finley** brief.[3] As counsel has substantially complied with the **Turner/Finley** requirements to withdraw his representation, we must now determine whether the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed. **See Walters**, **supra**.

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or

---

[3] Counsel mistakenly indicated in his petition to withdraw that he advised "Appellant that she has the right to proceed *pro se* or with the assistance of privately retained counsel should this [] Court grant the within Petition." Counsel's Petition to Withdraw, filed 6/28/17. In light of this incorrect advice, by order entered on June 30, 2017, this Court informed Appellant that she had the right to file a brief *pro se* or with privately-retained counsel. Thereafter, Appellant filed a *pro se* brief in which she substantially reiterates the arguments presented by counsel in his **Turner/Finley** brief.

subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)    the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline. Our Supreme Court has held that any petition

- 6 -

invoking an exception must show due diligence insofar as the petition must be filed within sixty days of the date the claim could have first been presented. ***Commonwealth v. Edmiston***, 619 Pa. 549, 65 A.3d 339 (2013). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

In the case *sub judice*, Appellant was sentenced on December 22, 2006, and she filed neither post-sentence motions nor a direct appeal. Accordingly, her judgment of sentence became final thirty days thereafter, on Monday, January 22, 2007, when the time period for filing a direct appeal to this Court expired. ***See*** Pa.R.A.P. 903(a) (providing an appeal to this Court shall be filed within thirty days after entry of the order from which the appeal is taken); 42 Pa.C.S.A. § 9545(b)(3) (setting forth when judgment of sentence becomes final); 1 Pa.C.S.A. § 1908 (setting forth rules for computation of time). Thus, Appellant had until January 22, 2008, to file a timely PCRA petition; however, Appellant filed the instant PCRA petition on March 23, 2016, and therefore, it is patently untimely under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar).

Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(iii) relating to a new constitutional right that applies retroactively.

Specifically, Appellant avers that her sentence is illegal under ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), as made retroactive by ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016).

Assuming, *arguendo*, Appellant has met the initial sixty-day threshold, we conclude the dictates of ***Montgomery/Miller*** are inapplicable to Appellant. In ***Montgomery***, the High Court held that its ruling in ***Miller*** is to be given retroactive effect on collateral review. In ***Miller***, the High Court held that sentencing a juvenile convicted of a homicide offense to mandatory life imprisonment without parole violates the Eighth Amendment's prohibition to cruel and unusual punishment. Accordingly, such sentences cannot be handed down unless a judge or jury first considers mitigating circumstances.

However, the ***Miller*** decision applies to only those defendants who were "under the age of 18 at the time of their crimes." ***Miller***, 132 S.Ct. at 2460. Here, counsel and Appellant admit that she was twenty-three years old when she committed the murder. ***See*** PCRA Counsel's ***Turner/Finley*** brief at 6; Appellant's *Pro Se* Brief at 5. In this regard, the PCRA court noted that Appellant's birth date is October 24, 1982, and she committed the murder on July 31, 2006. PCRA Court Opinion, filed 3/2/17, at 1, 3. Therefore, we conclude the holdings in ***Montgomery/Miller*** are not applicable to Appellant.

Appellant, nevertheless, presents the issue of whether she may invoke ***Montgomery/Miller*** because she was a "technical juvenile," and she points to theories regarding immature brain development to support her claim that

she is eligible for relief. Thus, Appellant seeks an extension of *Montgomery/Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding. However, this Court has previously rejected such an argument. *See Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super. 2016) (holding the nineteen-year-old appellant was not entitled to relief under *Miller/Montgomery* on collateral review; rejecting argument that he should be considered a "technical juvenile").

In light of the aforementioned, we agree with the PCRA court that Appellant's instant PCRA petition is untimely, and she has failed to invoke successfully any of the timeliness exceptions. Accordingly, we affirm the PCRA court's order denying Appellant relief and grant court-appointed PCRA counsel's petition to withdraw his representation.

Petition to Withdraw Granted; Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017